LOTTINGER, Judge.
This matter is before us on an appeal taken by the defendants from a Judgment of the Trial Court which awarded the plaintiff benefits under our Workmen’s Compensation Statute for total, permanent disability.
The Trial Judge, in his concise reasons for judgment, held as follows:
“This is a suit for workmen’s compensation benefits. The only question at issue is whether the plaintiff is in fact permanently disabled.
“While working above ground as a carpenter on June 20, 1961, the plaintiff fell approximately twelve (12) feet and struck his right foot on a concrete floor. *604 He was taken to Dr. E. A. Schexnay-der, a physician in general practice, who treated him for his injuries.
“Dr. Schexnayder testified that the plaintiff suffered a fracture of the cal-caneus ; that he was put to bed and an elastic bandage placed upon the foot; that subsequently his foot was placed in a cast on June 30th which was removed on August 14th; that thereafter he walked on crutches and was given physiotheraphy. When Dr. Schexnay-der last saw the patient on November 28, 1961, he found ‘some residual swelling of the ankle’. He did not believe that the plaintiff was able to return to work at that time.
“Dr. Hyman R. Soboloff, an orthopedic surgeon, examined the plaintiff on April 16, 1962, at the request of the defendant. He found atrophy of the right calf, atrophy of the right thigh, thickening around the ankle, and a limitation in the ankle range of motion. He felt that the atrophy was due to disuse because of pain. He further felt that the pain would continue ‘for the rest of his life.’ (Deposition p. 9). On the basis of x-rays made at the time of his examination he found that the plaintiff had a ‘35 to 40 per cent disability of the foot’. (Deposition, p. 11). He further testified that the plaintiff could not stand or climb for long periods of time and that he would definitely experience pain when he walked on uneven surfaces and attempted to climb.
“Dr. William E. Smith, another orthopedic surgeon, examined the plaintiff on October 2, 1962, at the request of the attorney for the plaintiff. Dr. Smith noted ‘a marked valgus deformity of the right foot’ (Deposition p. 6), ‘some definite restriction of motion’ (p. 7), and ‘some slight swelling about the right ankle and foot.’ (p. 7). X-rays were made. Dr. Smith testified that the plaintiff could not stand and/or climb for any period of time, and that he could not adequately perform the duties of a carpenter. (Deposition p. 10). He estimated the plaintiff’s disability at ‘somewhere between 30 and 40 per cent of his foot/ because ‘he not only has very little motion of the subas-tragalar joint, but what motion he has is painful.’ (Deposition p. 12).
“Dr. Raymond F. Kitziger, Jr., another orthopedic surgeon, examined the plaintiff on January 28, 1963. He also found atrophy and marked limitation of motion. X-rays were made and Dr. Kitziger estimated the plaintiff’s foot disability at 30 per cent. (Tr. p. 24). “There is an unusual unanimity of medical opinion to the effect that the plaintiff is disabled, that he cannot perform the usual duties of his trade and that he cannot perform any reasonable amount of physical labor without suffering pain. It is significant to note that none of the doctors including those testifying for the defendants, found the plaintiff capable of returning to> work.
“The defendants base their entire case on the fact that the plaintiff admittedly committed perjury in that he initially denied that he was able to do any climbing but was forced to admit that he had been working and climbing after being confronted with motion pictures of his activities. Counsel for defendants then argues that all of the doctors who testified based their estimates of disability on the plaintiff’s statements of pain, and since his credibility has been undermined the testimony of the doctors should be disregarded.
“That is not the case. All of the doctors found physical evidence of disability and pain which the plaintiff could not possibly have feigned; namely, atrophy, limitation of motion, and damage to the foot and ankle as shown by x-rays. Furthermore, all of those physicians testified that the plaintiff’s *605 complaints of pain were consistent with the nature and extent of his injuries, and were willing to state positively and without qualification that the plaintiff could only work in pain.
“It is now settled beyond question that a plaintiff who can work only in pain is disabled within the meaning of the compensation statute. The x-rays taken by all of the doctors indicate that the disability is permanent and could only be reduced and not entirely eliminated by an operation the outcome of which would be uncertain. From the medical evidence, it is clear beyond question that the plaintiff is entitled to judgment.”
The record amply substantiates the foregoing which we hereby adopt as our own.
For the reasons assigned, the Judgment appealed from is affirmed.
Judgment affirmed.